UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-----------------------------------------------------------------x
In re Application Pursuant to 28 U.S.C. § 1782 of :
BSG RESOURCES LIMITED                            :     Case No.:  1:16-mc-02552-BAH
                                                 :
                                                 :     ECF Case
                                                 :
                          Petitioner,            :
                                                 :
          - to take discovery of -               :
                                                 :
CHARLES N. BROWER and MICHAEL DALY,              :
                                                 :
                          Respondents.           :
                                                 :
-----------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## PETITION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782
## COMPELLING DISCOVERY IN AID OF A FOREIGN JUDICIAL PROCEEDING

MISHCON DE REYA NEW YORK LLP
156 Fifth Ave., Suite 904
New York, NY  10010
(212) 612-3270 (phone)
(212) 612-3297 (fax)

*Attorneys for Petitioner*
*BSG Resources Limited*

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................ 1

FACTUAL BACKGROUND ............................................................................... 2

    A.    The Underlying LCIA Arbitration ........................................................... 3

    B.    The UK Action .......................................................................................... 5

    C.    Discovery sought ...................................................................................... 6

ARGUMENT ....................................................................................................... 8

    A.    The Petition Satisfies The Statutory Requirements
            Of Section 1782. .................................................................................... 10

    B.    All Of The Discretionary Factors Weigh In Favor
            Of Granting The Petition. ..................................................................... 11

          1.    The Respondents Are Not Participants
                  In The UK Action. .................................................................. 11

          2.    The United Kingdom High Court Is Receptive
                  To Federal Court Judicial Assistance. ................................... 11

          3.    The Section 1782(a) Request Is Not An Attempt
                  To Circumvent Foreign Proof-Gathering Limits
                  Or Other Policies Of A Foreign Country
                  Or The United States. .............................................................. 13

          4.    The Section 1782(a) Request Is Not Unduly Intrusive
                  Or Burdensome. ...................................................................... 13

CONCLUSION ................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**                                                                              **Page(s)**

In re Ex Parte Application of Glob. Energy Horizons Corp.,
    No. 5:15-MC-80078-PSG, 2015 WL 1325758 (N.D. Cal. Mar. 24, 2015) ...........................12

In Matter of Application of Leret,
    51 F. Supp. 3d 66, 70 (D.D.C. 2014) ........................................................................................9

In re Blue Oil Trading Ltd.,
    No. 3:09MC153-RJC, 2009 WL 3353293 (W.D.N.C. Oct. 15, 2009) ....................................10

Comcast Cable Commc'ns, LLC v. Hourani,
    No. 15-CV-1724 (RMC), 2016 WL 2992053 (D.D.C. May 23, 2016) ....................................9

In re Eli Lilly & Co.,
    No. 3:09MC296 (AWT), 2010 WL 2509133 (D. Conn. June 15, 2010)................................14

In re Gemeinshcaftspraxis Dr. Med. Schottdorf,
    No. Civ. M 19-88 (BSJ), 2006 WL 3844464 (S.D.N.Y. Dec. 29, 2006) ...............................14

In re Guy,
    No. M 19-96, 2004 WL 1857580 (S.D.N.Y. Aug. 19, 2004) ....................................10, 12, 13

In re Hallmark Capital Corp.,
    534 F. Supp. 2d 951 (D. Minn. 2007)......................................................................................14

HT S.R.L. v. Velasco,
    125 F. Supp. 3d 211, 221-22 (D.D.C. 2015).........................................................................8, 10

In re IKB Deutsche Industriebank AG,
    No. 09-CV-7852, 2010 WL 1526070 (N.D. Ill. Apr. 8, 2010) .........................................10, 13

*Intel Corp. v. Advanced Micro Devices, Inc.,
    542 U.S. 241 (2004)................................................................................................... *passim*

Lazaridis v. Int'l Ctr. for Missing & Exploited Children, Inc.,
    760 F. Supp. 2d 109 (D.D.C. 2011), aff'd sub nom. In re Application for an
    Order Pursuant to 28 U.S.C. § 1782, 473 F. App'x 2 (D.C. Cir. 2012)....................................8

In re Michael Wilson & Partners, Ltd.,
    No. 06-cv-02575-MSK-PAC (MEH), 2007 WL 2221438 (D. Colo. July 27, 2007) .............13

In re Veiga,
    746 F. Supp. 2d 8 (D.D.C. 2010) ............................................................................................11

**Statutes**

*28 U.S.C. § 1782(a) ............................................................................................................ *passim*

Petitioner BSG Resources Limited ("BSGR" or "Petitioner") respectfully submits this Memorandum of Law, together with the Declaration of James Libson, Esq., dated December 9, 2016 ("Libson Decl."), Declaration of Vincent Filardo, Esq., dated December 21, 2016 ("Filardo Decl."), and the exhibits annexed thereto, in support of its Petition for an Order Pursuant to 28 U.S.C. § 1782 ("Petition") compelling Mr. Charles N. Brower ("Brower") and Mr. Michael Daly ("Daly," and with Brower, "Respondents") to each produce documents and appear for a deposition in accordance with the subpoenas attached as Exhibits A and B to the Filardo Declaration ("Subpoenas") for purposes of aiding discovery in connection with certain foreign civil proceedings pending in the High Court of Justice in London, United Kingdom.

## INTRODUCTION

On or about October 7, 2016, Petitioner commenced a civil action in the High Court of Justice, Queen's Bench Division, Commercial Court, London, United Kingdom, captioned BSG Resources Limited v. (1) Vale S.A. (2) Mr. David Williams Q.C. (3) Mr. Michael Hwang S.C. (4) Mr. Filip De Ly, Case No. CL-2016-000617 ("UK Action").  The UK Action seeks the removal of Mr. David Williams and Mr. Michael Hwang as co-arbitrators in an arbitration pending in the London Court of International Arbitration ("LCIA") between Vale S.A. and BSGR ("LCIA Arbitration").

Central participants in the UK Action allegation are Brower, the former Chairman of the LCIA Arbitration who was removed for bias, and Daly, the Secretary of the LCIA Arbitration tribunal, to whom Mr. Williams and Mr. Hwang are alleged to have improperly delegated their duties.

The instant Petition is brought pursuant to 28 U.S.C. § 1782 to obtain discovery from the Respondents that is extremely important and necessary to the adjudication of Petitioner's claims in the UK Action.  The Petition is proper in that it fulfills the three statutory requirements of

Section 1782, namely (i) the Respondents reside and may be found in this District, (ii) the discovery sought is for use in a foreign legal proceeding, and (iii) Petitioner is an interested party within the meaning of the statute.  Additionally, each of the following so-called Intel factors favors granting the Petition and entering an Order compelling the Respondents to provide the discovery requested by the Subpoenas: (i) the Respondents are not participants in the UK Action; (ii) the United Kingdom is receptive to federal court judicial assistance pursuant to Section 1782; (iii) the Petition is not an attempt to circumvent foreign proof-gathering limits or other policies of the United Kingdom or United States; and (iv) the discovery sought is not unduly intrusive or burdensome.

Since the Petition easily meets the statutory requirements of Section 1782, and the Intel factors all weigh in favor of the Petition and requested Order, Petitioner respectfully requests the Court grant the Petition in its entirety and enter an Order compelling the Respondents to provide all of the discovery requested by the Subpoenas.

## FACTUAL BACKGROUND

Petitioner BSGR is incorporated in the bailiwick of Guernsey, a British Crown dependency in the English Channel.  BSGR has been active in the natural resources sector since 1999.  It has projects all over the world, but Africa and the Former Soviet Union have historically been a particular focus of its investments.  BSGR has a 15-year track record of developing, as well as executing, mining operations, employing over 8,000 people whilst creating value and prosperity both for its stakeholders and also for the host countries.  BSGR is a wholly owned subsidiary of NYSCO Management Corporation Limited ("NYSCO"), a company incorporated in the British Virgin Islands, and NYSCO is in turn a wholly owned subsidiary of the Balda Foundation, a Liechtenstein foundation.  See Libson Decl. at ¶ 5.

Upon information and belief, respondent Brower has a registered address and principal place of business at 701 13th St., N.W., Suite 600, Washington, D.C. 20005, and purports to show a residential address at 412 New Jersey Avenue, S.E., Washington, D.C. 20003-4008. See Filardo Decl. at Exs. C-D and F. Brower is not a party or participant in the UK Action, and, upon information and belief, is not subject to the jurisdiction of the High Court in London. See Libson Decl. at ¶ 6.

Upon information and belief, respondent Daly is a resident of the District of Columbia who maintains a private residence located at 2509 17th Street, N.W., Apartment 3, Washington, D.C. 20009-5130, and a principal place of business at 2000 H Street, N.W., Washington, D.C. 20052. See Filardo Decl. at Exs. E and G. Daly is not a party or participant in the UK Action, and, upon information and belief, is not subject to the jurisdiction of the High Court in London. See Libson Decl. at ¶ 6.

### A.      The Underlying LCIA Arbitration

In 2010, BSGR and Vale S.A. ("Vale") entered into a Joint Venture Framework Agreement and a Shareholders' Agreement ("Agreements") in relation to mining concessions for iron ore granted by the Republic of Guinea. Both Agreements included a clause that required disputes to be resolved by arbitration under the Rules of Arbitration of the LCIA. See id. at ¶ 7.

A dispute arose between BSGR and Vale in relation to representations and warranties made by BSGR prior to and in the Agreements. Accordingly, Vale commenced the LCIA Arbitration. See id. at ¶ 8. The LCIA Arbitration tribunal was composed of Respondent Brower (as Chairman) and Messrs. David Williams Q.C. and Michael Hwang S.C. (as co-Arbitrators) (the "Tribunal"). Respondent Daly was appointed as secretary of the Tribunal. See id. at ¶¶ 9-10.

BSGR became aware of the possibility that the Tribunal had failed to conduct the LCIA Arbitration properly by delegating their various roles to Respondent Daly when BSGR's solicitors received, in error, an email from Respondent Brower, as Chairman of the Tribunal, seeking a reaction from Respondent Daly, the secretary of the Tribunal, in relation to a letter from BSGR (the "Misdirected Email").  See id. at ¶¶ 11-13.

Following receipt of the Misdirected Email, the Petitioner conducted investigations into the decision making process of the Tribunal, establishing that (i) Respondent Daly had engaged in unilateral discussions with Respondent Brower in relation to the production of first drafts of decisions; (ii) Respondent Daly, with Respondent Brower, had recorded 80% of the total hours worked in the Arbitration, compared with the Co-Arbitrators' 20%; (iii) Respondent Daly had drafted key decisions in the Arbitration, including the section setting out the reasoning of the Tribunal, without input from the Co-Arbitrators; and (iv) in the majority of cases, these drafts were accepted without amendment by the Co-Arbitrators.  See id. at ¶ 14.

Accordingly, on May 5, 2016, in accordance with Article 10.4 of the LCIA Rules, BSGR filed a challenge (the "LCIA Challenge") against the Tribunal on five separate grounds, including the improper delegation of duties to Respondent Daly.  See id. at ¶ 15.  The LCIA Court appointed a three person division to determine the LCIA Challenge (the "Division").  See id. at ¶17.

On August 4, 2016, the Division issued its decision on the LCIA Challenge.  The Division dismissed four of the five grounds, including those grounds related to the improper delegation.  The Division upheld one ground, finding that "*circumstances exist that give rise to justifiable doubts as to the Chair's [Respondent Brower] independence or impartiality*" and that "*the appointment of the Chair of the arbitral tribunal in this arbitration should be revoked.*"  The

Fourth Defendant to the UK Action, Professor De Ly, was appointed as the new Chair by the LCIA Court on August 17, 2016, but is not a subject of the UK Action. <u>See id.</u> at ¶ 18.

**B.**   **The UK Action**

Having exhausted all available recourse to the LCIA Court in respect of the grounds relevant to the Co-Arbitrators, the Petitioner sought redress from the High Court of England and Wales and accordingly issued the UK Action.  The Petitioner seeks in the UK Action:

(i)   An order that the Co-Arbitrators be removed as co-arbitrators in the LCIA Arbitration; and

(ii)   A declaration that the Co-Arbitrators shall not be entitled to any fees or expenses in respect of the arbitration. <u>See id.</u> at ¶ 19.

The grounds of the claim are that the Co-Arbitrators have refused and/or failed properly to conduct the proceedings by delegating their roles to Respondent Daly, the Tribunal secretary. This delegation was improper and was outside the scope of the agreed remit of the Tribunal secretary.  As a result, substantial injustice has been or will be caused to the Petitioner. <u>See id.</u> at ¶ 20.

Before concluding that the Co-Arbitrators had delegated their roles to Respondent Daly, BSGR considered the time recording entries of the Co- Arbitrators, Respondent Brower and Respondent Daly in relation to three specific decisions, namely, (i) the Tribunal's *"Decision on [Vale's] Request to share LCIA record with the Republic of Guinea and the ICSID Tribunal,"* dated  June 28, 2015; (ii) the Tribunal's *"Decision on [BSGR's] Renewed Application to stay the arbitration,"* dated July 24, 2015; and (iii) the Tribunal's *"Second Decision on Document Production,"* dated February 16, 2016 (together, the "Decisions"). <u>See id.</u> at ¶ 21.

The Co-Arbitrators spent significantly less time working on the Decisions than Respondent Daly.   The time spent was not commensurate with the amount of reading/consideration required for the Co-Arbitrators to have reached a considered view in relation to each of the Decisions.   Further, the time spent by Respondent Daly was not commensurate with him providing only a supportive, administrative role.   See id. at ¶ 22.

## C.      **Discovery Sought**

The Petitioner seeks a deposition from each of the Respondents addressing the matters at issue in the UK Claim.   Accordingly, the following subjects, amongst others, will be explored:

(i)      In relation to each Decision, confirm whether Respondent Daly prepared the first draft, which part of each Decision was drafted by Respondent Daly, where sections were drafted by Respondent Daly, whether he received prior directions from the Tribunal as to the outcome and grounds of the decision in question and if so by whom and on what terms, and the process adopted by the Tribunal to finalize the drafts;

(ii)      Confirm whether Respondent Daly expressed his personal views to the Tribunal (or any member of it) on BSGR and/or Vale's positions and whether Respondent Daly participated in any deliberations of the Tribunal and to which decision/order such participation related; and

(iii)      Provide a detailed description of the tasks that were delegated to Respondent Daly or requested of Respondent Daly by the Tribunal and who delegated/requested each task.   See id. at ¶ 29.

The Petitioner also seeks from the Respondents all documents and communications sent, received or created by the Respondents which relate to Respondent Daly's role and work as secretary in the LCIA Arbitration, including but not limited to, tasks delegated to Respondent

Daly and instructions, requests, queries or comments from the LCIA Tribunal to Respondent

Daly in relation to each of the Decisions, and responses to such instructions, requests, queries or

comments, subject to redaction to maintain the confidentiality of the Tribunal's deliberations (the

"Requested Documents").  The Requested Documents will include, but are not limited to, the

following:

    (i)    In relation to the Decisions or the drafting thereof:

        (a)    Instructions, requests, queries or comments from Respondent Brower or the Co-Arbitrators to Respondent Daly ("Instruction Emails").  For the avoidance of doubt, this category shall not include emails which were copied to Respondent Daly for information purposes only as they would not contain any instructions to or requests from Respondent Daly;

        (b)    all responses from Respondent Daly to the Instruction Emails ("Response Emails"); and

        (c)    all documents, including notes, voicemails, text messages and the like relating to the Instruction Emails and Response Emails.

    (ii)    All communications sent or received by the Respondents which relate to either:

        (a)    Respondent Daly's role in the LCIA Arbitration; and/or

        (b)    the tasks delegated to Respondent Daly in the LCIA Arbitration,

and all documents relating to the same.  See id. at ¶ 31.

BSGR has made it clear that it is not seeking to penetrate the confidentiality of the Tribunal's deliberations and has therefore proposed that to the extent the Requested Documents evidence the Tribunal's deliberations, the redacting of the evidencing parts provides the necessary protection to maintain that confidentiality. See id. at ¶ 34.

The Deposition Requests and Requested Documents are essential for the UK Court (and the Petitioner) to fully understand the role taken by Mr. Daly during the LCIA Arbitration and for the UK Court to fairly dispose of the UK Action. See id. at ¶ 40.

BSGR has made several attempts to obtain discovery from Mr. Brower, but he has thus far refused to provide the discovery sought. See id. at ¶¶ 42-64.

## ARGUMENT

Pursuant to 28 U.S.C. § 1782(a), "[t]he district Court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . The order may be pursuant to . . . the application of any interested person and may direct that . . . the document or other thing be produced, before a person appointed by the court." 28 U.S.C. § 1782(a); see also HT S.R.L. v. Velasco, 125 F. Supp. 3d 211, 221-22 (D.D.C. 2015) ("A district court has the authority to permit discovery under 28 U.S.C. § 1782(a) when (1) the person from whom discovery is sought resides or is found within the district of the court in which the request is made, (2) the discovery is for use in a proceeding before an international or foreign tribunal, and (3) the application is made by a foreign or international tribunal or any interested person.").

Once the three statutory requirements of Section 1782 are satisfied, the Court may exercise its discretion in determining whether to grant the petition for discovery. See Lazaridis v. Int'l Ctr. for Missing & Exploited Children, Inc., 760 F. Supp. 2d 109, 114 (D.D.C. 2011), aff'd sub nom. In re Application for an Order Pursuant to 28 U.S.C. § 1782, 473 F. App'x 2

(D.C. Cir. 2012). The Court's discretion should be liberally exercised in light of "the twin aims of § 1782(a): 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" In Matter of Application of Leret, 51 F. Supp. 3d 66, 70 (D.D.C. 2014) (quoting In re Thai–Lao Lignite (Thail.) Co., 821 F. Supp. 2d 289, 293 (D.D.C. 2011)).

The Supreme Court has enunciated four factors to be considered by a district court in exercising its discretion: (i) whether "the person from whom discovery is sought is a participant in the foreign proceeding," in which case "the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad;" (ii) "the nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (iii) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (iv) whether a request is "unduly intrusive or burdensome." Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004); see also Comcast Cable Commc'ns, LLC v. Hourani, No. 15-CV-1724 (RMC), 2016 WL 2992053, at *3 (D.D.C. May 23, 2016) (listing Intel factors).

As set forth herein, Petitioner's application satisfies all three of the requirements necessary to obtain relief under Section 1782. Furthermore, each of the relevant discretionary factors weighs in favor of granting the Petition in its entirety and ordering Respondents to provide all of the discovery sought by the Subpoenas.

**A.       The Petition Satisfies The Statutory Requirements Of Section 1782.**

Here, each of the three statutory requirements for a Section 1782 application is met. First, the Respondents reside in and may be found within the judicial district of this Court. Specifically, Respondent Brower is a resident of Washington D.C. who, upon information and belief, maintains a private residence located at 412 New Jersey Ave., S.E., Washington, D.C. 20003-4008, and a principal place of business at 701 13th Street, N.W., Suite 600, Washington, D.C. 20005.  Upon information and belief, Respondent Daly is a resident of Washington, D.C. who maintains a private residence located at 2509 17th Street, N.W., Apartment 3, Washington, D.C. 20009-8835, and a principal place of business at 2000 H Street, N.W., Washington, D.C. 20052.  See Filardo Decl. at Exs. C-G; HT S.R.L., 125 F. Supp. 3d at 222 (statutory requirement met where respondent resided in district).

Second, Petitioner seeks the requested discovery to assist it in prosecuting its claims in the UK Action pending in the High Court of Justice in the United Kingdom – a foreign legal proceeding within the meaning of Section 1782.  See Libson Decl. at ¶ 4.  District courts have regularly granted Section 1782 applications in aid of proceedings pending in the United Kingdom's High Court.  See, e.g., In re Guy, No. M 19-96, 2004 WL 1857580, *2 (S.D.N.Y. Aug. 19, 2004) (finding requirements of § 1782 met where foreign proceeding was in the United Kingdom's High Court); In re IKB Deutsche Industriebank AG, No. 09-CV-7852, 2010 WL 1526070, *2 (N.D. Ill. Apr. 8, 2010) (same); In re Blue Oil Trading Ltd., No. 3:09MC153-RJC, 2009 WL 3353293, *2 (W.D.N.C. Oct. 15, 2009) (same).

And third, as Claimant in the foreign legal proceeding, Petitioner constitutes "interested person[s]" for purposes of the statute.  See Intel Corp., 542 U.S. at 256 ("No doubt litigants are

included among, and may be the most common example of, the 'interested person [s]' who may invoke § 1782'').

Accordingly, the Petition satisfies each of the three Section 1782 statutory requirements.

**B.   All Of The Discretionary Factors Weigh In Favor Of Granting The Petition.**

Additionally, each of the The Intel factors weigh in favor of granting assistance to Petitioners.

**1.   The Respondents Are Not Participants In The UK Action.**

The first Intel factor is plainly met because neither Respondent is a participant in the UK Action. See Libson Decl. at ¶ 6. Since the Respondents are not participants in the UK Action or otherwise subject to the jurisdiction of the United Kingdom High Court, absent the Court's granting of the Petition and discovery requested therein, Petitioner will be unable to obtain the necessary and material information in the Respondents' possession for their claims against Mr. Williams and Mr. Hwang. See id. Indeed, the Supreme Court has recognized this situation as precisely when Section 1782 is most needed. See Intel, 542 U.S. at 264 ("nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid").

**2.   The United Kingdom High Court Is**
**Receptive To Federal Court Judicial Assistance.**

The second Intel factor – "the nature of the foreign tribunal, the character of proceedings underway abroad, and the receptivity of the foreign government, court, or agency to federal-court judicial assistance" – also favors the granting of Petitioners' request. The relevant inquiry here does not require an extensive review of foreign law; rather, the "relevant inquiry . . . [is whether there is] 'authoritative proof' that the foreign tribunal would reject the evidence sought. In re Veiga, 746 F. Supp. 2d 8, 23-24 (D.D.C. 2010) (quoting In re Application of Caratube Int'l Oil

Co., LLP, 730 F. Supp. 2d 101, 105-06, 2010 WL 3155822, at *4 (D.D.C. Aug. 11, 2010)).

District courts have regularly found that courts in the United Kingdom are receptive to discovery

obtained pursuant to Section 1782; as such, there is no reason to believe that the foreign tribunal

here would reject the evidence sought.  See, e.g., In re Ex Parte Application of Glob. Energy

Horizons Corp., No. 5:15-MC-80078-PSG, 2015 WL 1325758, at *2 (N.D. Cal. Mar. 24, 2015)

("There is no authority suggesting the English government would be hostile to or otherwise

reject discovery obtained through a Section 1782 subpoena."); In re Guy, 2004 WL 1857580, at

*2 (no "reason to suppose that the government of the United Kingdom would disfavor granting

Applicants relief under § 1782").

Moreover, the requested discovery from the Respondents is highly relevant to the central

allegations of the UK Action.  Respondent Brower, the former Chairman of the LCIA arbitration

who was removed for bias, played an active role in the improper delegation of duties, and

Respondent Daly, the Secretary of the LCIA tribunal, is the individual to whom the Co-

Arbitrators are alleged to have improperly delegated their duties.

In light of these, and the other material allegations in the UK Action, see supra at pp. 2-8,

it is nearly certain that the discovery Petitioner seeks here will produce highly relevant

information that will greatly benefit the adjudication of their claims in the UK Action.  Given

these premises, it is reasonable to conclude that the United Kingdom High Court will be

receptive to this Court granting the Petition and Petitioner's request for discovery therein from

the Respondents.  Thus, the second Intel factor weighs in favor of granting the Petition and

Petitioner's request for discovery.

3.    **The Section 1782(a) Request Is Not An Attempt
To Circumvent Foreign Proof-Gathering Limits
Or Other Policies Of A Foreign Country Or The United States.**

The third <u>Intel</u> factor – whether "the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States" – should also be decided in favor of Petitioner.

United States courts have determined that Section 1782 relief is not contrary to the proof gathering limits or policies of the United Kingdom and have consistently granted that relief to aid proceedings in English courts.  <u>See, e.g</u>, <u>Intel</u>, 542 U.S. at 262 ("House of Lords ruled that nondiscoverability under English law did not stand in the way of a litigant in English proceedings seeking assistance in the United Stated under § 1782."); <u>In re Guy</u>, 2004 WL 1857580, at *2 ("Nor is there any reason to suppose that the government of the United Kingdom would disfavor granting Applicants relief under § 1782."); <u>In re IKE Deutsche Industriebank AG</u>, 2010 WL 1526070, at *4 ("District courts routinely allow applicants to obtain third-party Section 1782 discovery related to litigation pending in the United Kingdom."); <u>In re Michael Wilson & Partners, Ltd.</u>, No. 06-cv-02575-MSK-PAC (MEH), 2007 WL 2221438, at *4-*5 (D. Colo. July 27, 2007) (granting motion to compel discovery ordered pursuant to Section 1782 in aid of litigation pending in England)).  As has been decided on many occasions prior to this application, there is no reason to conclude that this Section 1782 Petition is antithetical to any United Kingdom proof-gathering limits or policies.

4.    **The Section 1782(a) Request Is Not Unduly Intrusive Or Burdensome.**

Finally, the fourth <u>Intel</u> factor – whether the proposed discovery is "unduly intrusive or burdensome" – also favors Petitioner.

Here, evidence concerning the Respondents' involvement in Mr. Hwang's and Mr. Williams' refusal and failure to conduct the arbitration proceedings properly by delegating their

roles to Daly is plainly relevant to the claims Petitioners have asserted in the UK Action. Furthermore, the proposed Subpoenas propound document requests that are all narrowly tailored to comport with the allegations in the UK Action in an attempt to avoid unnecessary burden and expense on the Respondents.   See Filardo Decl. at Exs. A and B.   As such, the proposed Subpoenas and discovery requested thereby is neither unduly intrusive nor burdensome.

Importantly, regardless of where responsive documents or other relevant materials and information may be found (even outside this District), the Court may still direct the Respondents to produce such materials because they reside and may be found in this District.   See In re Gemeinshcaftspraxis Dr. Med. Schottdorf, No. Civ. M 19-88 (BSJ), 2006 WL 3844464, *5 (S.D.N.Y. Dec. 29, 2006) ("Section 1782 requires only that the party from whom discovery is sought be "found" here; not that the documents be found here."); In re Eli Lilly & Co., No. 3:09MC296 (AWT), 2010 WL 2509133, at *4 (D. Conn. June 15, 2010) (concluding that Section 1782(a) does not require that the documents sought to be discovered be found in the district.); In re Hallmark Capital Corp., 534 F. Supp. 2d 951, 957 n.3 (D. Minn. 2007) ("to the extent [United States based party from whom 1782 discovery was ordered] suggests that the only copies are located in Israel, any such fact would not relieve him of his obligation to produce them if they are nonetheless in his control.").   Thus, all responsive documents in the Respondents' possession, custody or control sought by the Subpoenas, whether electronic or otherwise, even if found in files or on computer hard drives or servers housed outside of this District, are properly compelled by the Court upon granting this Petition.

Therefore, this factor also weighs in favor of granting the Petition and Petitioner's requested discovery.

Because each of the Intel factors weighs in favor of the Petition, the Court should exercise its discretion, grant the Petition in its entirety, and enter an Order compelling the Respondents to provide all of the discovery sought by Petitioner pursuant to the Subpoenas.

## CONCLUSION

For all of the reasons set forth above and in the remainder of the record, Petitioner respectfully requests that the Court issue an Order (i) granting the Petition in its entirety, (ii) compelling the Respondents to produce documents in accordance with the Subpoenas and Schedule A's thereto, and (iii) such other and further relief that the Court deems just and necessary.

Dated: New York, New York
      December 21, 2016

Respectfully submitted,

MISHCON DE REYA NEW YORK LLP

By: _/s/Vincent Filardo, Jr._
      Vincent Filardo, Jr.
      (admitted *pro hac vice*)

156 Fifth Ave., Suite 904
New York, New York 10010
Telephone: (212) 612-3270
Facsimile: (212) 612-3297
vincent.filardo@mishcon.com

Edward B. MacMahon, Jr.
EDWARD B. MACMAHON, JR., PLC
2600 Pennsylvania Avenue, NW, Suite 6A
Washington, DC   20037
Telephone:  202-775-1307
ebmjr@macmahon-law.com

*Attorneys for Petitioner BSG Resources Limited*