# EXHIBIT M

```
 1                      UNITED STATES DISTRICT COURT
                       SOUTHERN DISTRICT OF NEW YORK
 2

 3   ------------------------------------X
                                         :
 4   UNITED STATES OF AMERICA,           :  16-MJ-07960 (UA)
                                         :
 5                                       :  December 13, 2016
                  v.                     :
 6                                       :  500 Pearl Street
     MAHMOUD THIAM,                      :  New York, New York
 7                                       :
                  Defendant.             :
 8   ------------------------------------X

 9
              TRANSCRIPT OF CRIMINAL CAUSE FOR ARRAIGNMENT
10                BEFORE THE HONORABLE JAMES C. FRANCIS
                    UNITED STATES MAGISTRATE JUDGE
11

12   APPEARANCES:

13
     For the Government:              UNITED STATES ATTORNEY
14                                    BY:  ELISHA J. KOBRE, ESQ.
                                      ASSISTANT U.S. ATTORNEY
15

16
     For the Defendant:               ANDREW T. SOLOMON, ESQ.
17                                    Sullivan & Worcester, LLP
                                      1633 Broadway, 32nd Floor
18                                    New York, New York 10019

19

20
     Court Transcriber:               MARY GRECO
21                                    TypeWrite Word Processing Service
                                      211 N. Milton Road
22                                    Saratoga Springs, New York 12866

23

24

25



     Proceedings recorded by electronic sound recording,
     transcript produced by transcription service
```

2

1           THE CLERK:  United States v. Thiam.
2           Counsel, please state your name for the record.
3           MR. KOBRE:  Yes.  Good evening, Your Honor.  Elisha
4  Kobre for the Government.  With me at counsel table, Special
5  Agent Christopher Martinez of the FBI and Jason Linder and
6  Sarah Edwards of the Department of Justice fraud section.
7           THE COURT:  Good evening,
8           MR. SOLOMON:  Good evening, Your Honor.  Andrew
9  Solomon from the Law Firm of Sullivan & Worcester.  I'm here
10 with Mr. Mahmoud Thiam and also his wife's in the courtroom,
11 Fateen [Ph.] Thiam.
12          THE COURT:  Good evening.
13          Mr. Thiam, I'm Judge Francis.  The purpose of this
14 proceeding is to inform you of certain rights that you have,
15 to inform you of the charges against you, to consider whether
16 counsel should be appointed for you, and to decide under what
17 conditions you should be released.
18          Can I have the time and date of arrest, please?
19          MR. KOBRE:  Your Honor, the defendant was arrested
20 this morning at approximately 6 a.m.
21          THE COURT:  Mr. Thiam, you have the right to remain
22 silent.  You're not required to make any statements.  Even if
23 you have made any statements to the authorities, you need not
24 make any further statements.  Anything that you do say can be
25 used against you.  You have the right to be released either

1  conditionally or unconditionally pending trial unless I find
2  that there are no conditions that would reasonably assure your
3  presence in court and the safety of the community.
4        You have the right to be represented by counsel
5  during all court proceedings including this one and all
6  questioning by the authorities.  If you cannot afford an
7  attorney, I'll appoint one today to represent you, but I note
8  that you've retained counsel.
9        The complaint charges you in two counts.  Count 1
10 charges engaging in monetary transactions in criminally
11 derived property, such property having been derived in this
12 case from the proceeds of bribes.  If convicted on that count
13 you would be subject to a term of imprisonment of up to ten
14 years, a fine of up to $250,000, or twice the value of the
15 underlying transactions.
16        Count 2 charges money laundering in violation of
17 Title 18 of the United States Code, Section 1956(a)(1)(B).
18 And if convicted on that count you would be subject to a term
19 of imprisonment of up to 20 years and a fine of up to the
20 greater of $500,000 or twice the value of the transactions.
21        Mr. Solomon, have you had an opportunity to review
22 the complaint with your client?
23        MR. SOLOMON:  Yes, Your Honor.
24        THE COURT:  And do you waive its public reading?
25        MR. SOLOMON:  Yes, Your Honor.

4

1            THE COURT:  Mr. Thiam, you have the right to a
2  preliminary hearing at which the Government will have the
3  burden of establishing that there is probable cause to believe
4  that the crime with which you're charged has been committed
5  and that you are the person who committed it.  If probable
6  cause is not established, you will be released from the
7  charges.  If it is established, the Government will then have
8  the right to proceed to trial against you.
9            If you're in custody, you have the right to a
10 preliminary hearing within 14 days.  If you are not in
11 custody, the preliminary hearing will be held within 21 days,
12 but no preliminary hearing will be held if before the date
13 that it's scheduled you are indicted by a grand jury or an
14 information is filed against you by the Government.
15           If you are not a United States citizen, you may
16 request that a government attorney or law enforcement official
17 notify a consulate or officer from your country that you've
18 been arrested.  Even without a request, notification may be
19 required by an international agreement.
20           Does the Government have a bail recommendation?
21           MR. KOBRE:  Your Honor, the Government seeks
22 detention and is prepared to make that argument now.
23           THE COURT:  And Mr. Solomon, do you wish to go
24 forward at this time?
25           MR. SOLOMON:  Yes, Your Honor.

1            THE COURT:  The Government may proceed.
2            MR. KOBRE:  Thank you, Your Honor.  The Government
3  believes that detention is appropriate here based on the risk
4  of flight.  While the defendant is a US citizen, he holds
5  citizenship as well with the country of Guinea and France.
6  Now, most disturbingly, Your Honor, the defendant was not
7  candid we believe with Pretrial Services in reporting his
8  assets.  In particular, first of all, just from the face of
9  the Pretrial Services report the defendant reports an annual
10 income of $1.2 million a year from a company that he runs but
11 reports total assets of $30,000.  That is difficult to
12 understand.  More importantly, however, Your Honor, the
13 Government has information that the defendant has significant
14 financial interests outside of the United States which he
15 hasn't said a word of to Pretrial Services.  In particular, in
16 an interview on March 25, 2010 with a representative of J.P.
17 Morgan, the defendant explained that he has bank accounts in
18 Luxembourg and Switzerland and in Hong Kong.  During an
19 encounter with, as a separate matter, during an encounter with
20 Customs and Border Protection that occurred in 2013, the
21 defendant represented that he had a bank account in Bahrain.
22 As Your Honor is aware from the complaint, the complaint
23 describes the defendant's receipt of about $8.5 million in
24 bribes in a Hong Kong account and an F Bar report that was
25 filed by the defendant roughly in 2011 reported that the

1    defendant had $2 million in that bank account in Hong Kong.
2            I should add, Your Honor, that the defendant's 2010
3    tax returns list no fewer than about 12 different companies,
4    Sunbathe in Dubai in the United Arab Emirates, three in
5    particular, and several others based out of the Virgin
6    Islands.  I can list those for Your Honor but I don't think
7    that that's necessary.  Reported all those interests as well.
8            So in light of the defendant's failure to be candid
9    with Pretrial Services, you know, that suggests the defendant
10   may have an idea of fleeing as a result of these charges.
11           I should say that it is true that some of this
12   information goes back to 2010, while some of it is in 2013.
13   But we have no information that the defendant has dissipated
14   all of those assets and it seems unlikely that the defendant
15   had interests in 12 or so foreign companies and multiple bank
16   accounts and that suddenly those sort of went into thin air.
17           While I don't have the precise bank records right
18   now, I learned from the agent that the defendant controls bank
19   accounts, at least one bank account, in Capital One Bank also
20   not reported in the Pretrial Services report and has received
21   hundreds of thousands of dollars in that bank account within
22   the last year or so from an entity called Extractor Mining,
23   also not reported on the Pretrial Services report.
24           And as Pretrial Services did report, the defendant
25   had engaged in extensive foreign travel, has close ties to

7

1  Guinea including relatives who live there.  But mostly I
2  think, Your Honor, what's most troubling here is the
3  defendant's foreign assets which he has failed to disclose
4  that give the Government serious concern that he is a risk of
5  flight and should be detained.
6        THE COURT:  Thank you.  Mr. Solomon?
7        MR. SOLOMON:  Yes, Your Honor.  Thank you.
8        Mr. Thiam is not a risk of flight.  Mr. Thiam is a
9  US citizen.  He's lived in this country since 1997.  1996,
10 excuse me.
11       THE DEFENDANT:  '86.
12       MR. SOLOMON:  '86.  1986.  He has a wife who's a US
13 citizen.  He has three school-age children that attend private
14 school in Manhattan.  He's lived -- he has an apartment in New
15 York City.  He has an office in New York City with two
16 employees.  The Government refers to a flight risk because of
17 his Guinean passport.  He is not a flight risk to Guinea.  The
18 Guinean government is cooperating with the US government
19 according to the complaint.  So he's not going to Guinea.
20       He has lived with the threat of the possibility of
21 an indictment of this kind for many years now, Your Honor.  He
22 has made no attempt to flee.  The Government has not alleged
23 that he has made any preparations to flee.
24       You may have noticed, Your Honor, that the
25 allegations in the complaint referred to transactions and

8

1  conduct that began in 2009 and ended in August in 2011.  Not
2  only is this misconduct quite ancient, but also it's almost
3  surely barred by the statute of limitations on the face of the
4  complaint.
5          The Government refers to numerous bank accounts from
6  2010 and other bank accounts but does not tell Your Honor
7  whether those bank accounts are opened or closed.  It's not
8  surprising that Mr. Thiam, who is involved in worldwide
9  business travels a lot.  It's not surprising that he has had
10 foreign companies in connection with his investment thinking
11 and advisory business.  But the Government does not in any way
12 explain whether the companies that it's referring to from 2010
13 are active companies, have any assets.  The Government listed
14 bank accounts that Mr. Thiam denies having.  Other bank
15 accounts, he has two bank accounts in the United States, are
16 frozen.  He has one bank account in Dubai which has a few
17 thousand dollars in it.  The Government talks about how it
18 doubts how Mr. Thiam can have so few assets when it will knows
19 that he's had problems with the IRS.  He has significant debts
20 that the Government is aware of.
21         Mr. Thiam, the case against Mr. Thiam is a very
22 complex case.  He would be at a great disadvantage if he could
23 not be at liberty to attend meetings, frequent meetings in his
24 attorney's office to prepare for the case.
25         And then finally, Your Honor, Mr. Thiam was arrested

9

1  this morning in his home at 6 a.m.  I went down to the US
2  Attorney's Office probably around 11 or 11:30.  I asked to see
3  Mr. Thiam.  I was told by the Government that they could only
4  tell me that he was arrested.  I asked to see him again.  I
5  told them that I was his attorney.  They denied me access to
6  meet with him.  I am concerned about Mr. Thiam being in the
7  Government's custody quite frankly.  I went back to Long
8  Island assuming that I was not going to be able to see him and
9  then got a call when I was five feet from home, and I had come
10 from the airport to get him, when I was five feet from home
11 and I had to get back on the train to come down here.  So I am
12 very concerned about the Government's conduct in questioning
13 Mr. Thiam.
14        For all these reasons, Your Honor, Mr. Thiam
15 deserves to be let out without condition so he can go do his
16 business, try to keep this life together which is now being
17 turned upside down by this complaint.  Thank you.
18        THE COURT:  Thanks.  Mr. Kobre?
19        MR. KOBRE:  Just briefly, Your Honor.  I'll just
20 respond to the last point first.  During the course of the
21 interview Mr. Thiam was asked whether he was represented by
22 Mr. Summit and was actually given the opportunity to call Mr.
23 Summit who is another partner at defense counsel's firm and
24 denied that he was represented by that firm and said he did
25 not want to make a call to a lawyer.  That occurred during the

1  interview.  As a result of that, we had no information that he
2  was not represented by defense counsel and that was why I had
3  my conversation with defense counsel.
4          With respect to some of the things that defense
5  counsel said, first, it's not a complex case, Your Honor.
6  It's a case about the defendant taking bribes in exchange for
7  promoting a contract that gave away a large -- a vast amount
8  of resources from the country of Guinea.  And I would just,
9  coming back to the issue about the bank accounts, defense
10 counsel has just simply failed to address that at all.  You
11 know, none of these assets, none of the foreign assets had
12 been reported to Pretrial Services.  The bank accounts that
13 we're aware of, United States based bank accounts defendants
14 controls, and multiple foreign companies and foreign banks
15 that defendant has himself reported in these various
16 encounters both on his tax return, the CBP interview, and with
17 J.P. Morgan Chase here.
18         And I would just also add to that, Your Honor, that
19 as it's alleged in the complaint, as part of the scheme, the
20 defendant lied repeatedly.  He lied to two banks in the United
21 States.  He lied to the IRS with respect to his position as
22 then Minister of Mines of Guinea and the source of the funds
23 that were transferred, the source of the bribe proceeds.  And
24 so I think in light of all these factors, Your Honor, the
25 defendant cannot be trusted to appear in court and presents a

```
 1  serious risk of flight and should be detained.
 2            THE COURT:  Anything further?
 3            MR. SOLOMON:  What I haven't heard from the
 4  Government is Mr. Thiam has X dollars after all their
 5  investigation in this bank account, this foreign bank account.
 6  It's easy to sit and say oh he's got an account here and an
 7  account there, by the way which Mr. Thiam says were either
 8  closed or never existed.  It's easy to say that he had
 9  companies from 2010 without ever saying whether those
10  companies have operations or any kind of funds.  So that is
11  totally irrelevant.  And even if he did have money in a
12  foreign country, Mr. Thiam is no flight risk.  He is not
13  leaving his wife and his children, his three children who are
14  school aged.  And he has two dogs.  Nobody would leave their
15  wife, three children, and two dogs based on a complaint which
16  is on its face barred by the statute of limitations.
17            MR. KOBRE:  If I could just briefly respond?
18            THE COURT:  Yes.
19            MR. KOBRE:  Number one, with respect to the statute
20  of limitations issue, the Government obtained orders during
21  the course of this investigation as a result of under 18 USC
22  3292 which tolled the statute of limitations in this case.  So
23  while that's not in the complaint, I can proffer that for the
24  Court.  And I would just say that it's not just the existence
25  of these accounts.  At least all we know for 2010 -- and we're
```

12

1  not talking about one account or one company.  We're talking
2  about multiple accounts, multiple companies and very
3  consistent with the defendant's foreign travel to these same
4  places.  And the fact that none of this was disclosed to
5  Pretrial but rather that he had total assets of $30,000 while
6  earning $1.3 million a year as an executive of the company.
7  It simply flies in the face of what's credible and suggests
8  that the defendant has an intent to flea.
9              THE COURT:  Any last shot?
10             MR. SOLOMON:  He's got a lot of expenses.  The
11 Government knows that they haven't identified anything, any
12 money.  They're telling us now that there is a tolling order
13 which we haven't seen.  He's here.  He's not going anywhere.
14 He needs to go home.  All right?  And the Government knows he
15 has liens, and the Government knows he has IRS problems.  So
16 there's nothing here other than a lot of smoke.
17             THE COURT:  All right. Well, on the basis of the
18 Pretrial Services report, the complaint, and the proffers of
19 counsel, I find that on the present record the Government has
20 sustained its burden of demonstrating that the defendant
21 presents a risk of flight such that there are no conditions
22 that would reasonably assure his return to court.  I think
23 that the Government is entitled to rely on basically a
24 snapshot of the defendant's assets and the fact that it
25 appears Mr. Thiam was not forthcoming with Pretrial Services.

13

1  At the end of the day, it may turn out that there is a
2  legitimate explanation for where the assets are and how much
3  they are, and that may eventually justify Mr. Thiam's release.
4  But given what he's told Pretrial Services and how that
5  contrasts with information that the Government has with
6  respect to existing assets and existing income, I'm not
7  prepared to release him until there's been a much more
8  forensic analysis of where the money is.  I appreciate that he
9  has ties to the community.  He also, however, has significant
10 ties abroad as he's a citizen both of France and of Guinea.
11 He has substantial foreign travel and apparently substantial
12 assets abroad and is facing a substantial term of
13 incarceration if convicted.
14          So for those reasons, I'll order him detained
15 pending trial but invite the parties to come back in the event
16 that a more complete picture of his financial situation can be
17 produced.
18          Preliminary hearing date?
19          MR. SOLOMON:  Well, I guess we have, what is it, two
20 weeks they have to come back?
21          THE COURT:  You have two weeks, 21 days, 30 days,
22 however much you want.
23          MR. SOLOMON:  As soon as possible.
24          THE COURT:  Very well.  December the 27th.
25          MR. SOLOMON:  Your Honor, may I just say one thing?

                                                                    14

1    And I know you've already rendered a decision, so I'm fighting
2    an uphill battle here, but the Government has -- I represent a
3    lot of businesses and a lot of business people and they have
4    companies.  And those companies don't -- they form a company
5    for a transaction, the transaction doesn't go through, and
6    those companies don't have any assets.  People, when they're
7    doing international business, they open up bank accounts and
8    then those bank accounts don't get used anymore.  What the
9    Government hasn't said, and never said, is that Mr. Thiam has
10   X dollars in X account, or Mr. Thiam has this business and
11   this business has got that.  They haven't put a shred of
12   evidence like that.  So Mr. Thiam goes into Pretrial Services
13   and he knows that this account doesn't have any money and he
14   knows that this business doesn't have any operations.  And so
15   he doesn't report that as an asset and why would he?  They
16   never said to him in Pretrial Services Mr. Thiam, well have
17   you ever had a bank account that you closed?  Do you have any
18   foreign bank accounts that you've closed?  Do you have any
19   foreign businesses that are not operational but the Government
20   might think there are assets in them?  So there's not any
21   evidence that he's lied about anything.  And the Government
22   has been investigating this case for more than a week.  So you
23   know, where is -- there's nothing here.  But meanwhile, here's
24   a family man who's now going to be taken from his family
25   without a shred of evidence.  Where's the evidence?

```
                                                              15
 1              THE COURT:  Well, part of the evidence is that there
 2   are allegedly hundreds of thousands of dollars that were
 3   placed in an account from the Extractor company, if I get that
 4   name correct.
 5              MR. KOBRE:  Extractor Mining.  Yes, Your Honor.
 6              MR. SOLOMON:  In what year?  2010?  2013?
 7              MR. KOBRE:  Within approximately the past year.
 8              MR. SOLOMON:  How much money?  100,000?  He says he
 9   makes a million two a year, so the fact there was 100,000 that
10   went into an account --
11              THE COURT:  Well, and I suspect that that fact that
12   he makes a million two a year makes me more rather than less
13   nervous about the existence of unidentified assets.  Thank you
14   all.
15              MR. KOBRE:  Thank you, Judge.
16                          [Off the record.]
17              MR. SOLOMON:  ... for hypertension and the FBI agent
18   has the medicine right now.
19              THE COURT:  Thank you.
20              MR. SOLOMON:  I want to make sure that that's noted.
21              MR. KOBRE:  We'll have that -- we'll give that to
22   the marshals, Your Honor.
23                          * * * * *
24
25
```

```
                                                                    16
 1      I certify that the foregoing is a court transcript from
 2 an electronic sound recording of the proceedings in the above-
 3 entitled matter.
 4
 5                             _____Mary Greco_____
 6                                  Mary Greco
 7 Dated:   December 14, 2016
```